**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

GARRISON PROPERTY AND     :
CASUALTY INSURANCE COMPANY   :
a/s/o MISTY HALE,                 :
                                    :   Case No. 1:25-cv-959
      *Plaintiff*,               :
                                    :   Judge Jeffery P. Hopkins
v.                                 :
                                    :
AMAZON, INC. and AMAZON.COM,   :
LLC,                             :
                                    :
      *Defendants*.

---

**ORDER**

---

Plaintiff Garrison Property and Casualty Insurance Company[1] ("Plaintiff" or "Garrison") commenced this products liability action in the Butler County Court of Common Pleas against Defendants Amazon, Inc. and Amazon Services, LLC (collectively, "Defendants" or "Amazon"). Amazon subsequently removed the action to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Doc. 1. Garrison is now before the Court seeking remand to the Butler County Court of Common Pleas on the basis that complete diversity does not exist between the parties because Garrison is a key subsidiary of United Services Automobile Association ("USAA"), which is a member-owned reciprocal inter-insurance exchange that has citizenship in Delaware and Washington, where Amazon has citizenship by virtue of its incorporation and principal place of business. Doc. 8.

---

[1]   Garrison Insurance brings this action as subrogee of its insured, Misty Hale.

## I.    LAW AND ANALYSIS

Removal based on diversity jurisdiction "requires complete diversity between all plaintiffs on one side and all defendants on the other side," *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 664 (6th Cir. 2004), and an amount in controversy in excess of $75,000.[2] 28 U.S.C. § 1332(a). "[I]n determining citizenship, a corporation is a citizen of the state where it is incorporated and the state where its principal place of business is located." *Estate of Monahan v. Am. States Ins. Co.*, 75 F. App'x 340, 342 (6th Cir. 2003) (citing 28 U.S.C. § 1332(c)(1)). On the other hand, when assessing citizenship for unincorporated entities, "the court needs to know the citizenship of each member of the company," irrespective of its principal place of business. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

In this case, Garrison asserts that it has its principal place of business in Texas but represents that it is an "unincorporated entity," and Amazon mistakenly assumes that Garrison is a corporation. Compl., Doc. 6, ¶ 1; Doc. 8, PageID 41–42 ("Because Plaintiff is a member-owned unincorporated entity, Plaintiff has citizenship in all states in which its members reside."). Amazon, however, offers evidence that shows Garrison has admitted, in another case in this District, that it is a corporation organized under the laws of Texas. Smith Aff., Doc. 12-1, ¶ 4. Additionally, in a case in the Eastern District of Kentucky, Garrison asserted in a notice of removal that it is a Texas corporation with its principal place of business in Texas. *Id.* ¶ 5. *See Hall v. United Serv. Auto. Ass'n*, No. 21-4-DLB, 2021 WL 4255614, at *2 (E.D. Ky. Sept. 17, 2021). In fact, in numerous cases, courts across the United States have cited that Garrison is a Texas corporation. *See e.g.*, *Miller v. United Servs. Auto. Ass'n*, No. 2:23-

---

2    Here, Garrison seeks judgment in the amount of $206,457.04, plus costs and interest. Accordingly, the amount in controversy is well in excess of $75,000. Compl., Doc. 6, PageID 37.

cv-294, 2023 WL 8772852, at *1 (E.D. Wash. Dec. 19, 2023); *Richard v. USAA Casualty Ins. Co.*, No. 17-00175-BAJ-EWD, 2017 WL 8944429, at *1 (M.D. La. Nov. 30, 2017).

Whether Garrison is incorporated or unincorporated matters because Garrison seeks remand based on the well-established rule that "all unincorporated entities—of which a limited liability company is one—have the citizenship of each partner or member," *Delay*, 585 F.3d at 1005 (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187–92 (1990)), and as a result, according to Garrison, Garrison shares the citizenship of its parent company, USAA, which has members in every state, including Delaware and Washington, where Amazon has citizenship. Amazon counters, however, that this rule does not control here because Garrison conflates the citizenship rule for unincorporated entities with that of corporations, like Garrison. According to Amazon, Garrison is a citizen of Texas because it is incorporated and has its principal place of business there, and Garrison's parent, USAA, is not a party to this action so USAA's citizenship is irrelevant in this case. Doc. 12, PageID 54 (quoting *Schwartz v. Electronic Data Sys.*, 913 F.2d 279, 283 (6th Cir. 1990) ("When formal separation is maintained between a corporate parent and its corporate subsidiary, federal court jurisdiction over the subsidiary is determined by that corporation's citizenship, not the citizenship of the parent."). To Garrison's detriment, Garrison did not file a reply, so the Court is without sufficient information to decide whether remand is proper under 28 U.S.C. § 1447(c).

## II.   CONCLUSION

Based on the issues identified herein, the Court **DENIES** Garrison's Motion for Remand (Doc. 8) without prejudice. Regardless of whether Garrison elects to refile, Garrison is **ORDERED** to file its disclosure statement in accordance with Fed. R. Civ. P. 7.1.

**IT IS SO ORDERED.**

April 9, 2026

Jeffery P. Hopkins
United States District Judge

4